**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

George E. Keaton,
Claimant Below, Petitioner

**v.)**   **No. 23-24**   (JCN: 2020021565)
(ICA No. 22-ICA-32)

Beckley Garbage Disposal,
Employer Below, Respondent

**MEMORANDUM DECISION**

Petitioner George E. Keaton appeals the November 18, 2022, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Keaton v. Beckley Garbage Disposal*, No. 12-ICA-32, 2022 WL 17169081 (W. Va. Ct. App. Nov. 18, 2022) (memorandum decision). Respondent Beckley Garbage Disposal filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the decision of the West Virginia Workers' Compensation Office of Judges,[2] which affirmed the claim administrator's April 21, 2021, and September 1, 2021, orders closing the claim for temporary total disability benefits and denying the addition of right shoulder pain, right shoulder bursitis, right shoulder impingement, and right shoulder arthropathy as compensable conditions in the claim.

The claimant asserts that the ICA erred in affirming the Office of Judges' decision. The employer maintains that the claimant points to no erroneous procedure, no arbitrary or capricious conclusions, no abuse of discretion or jurisdictional error by the tribunals below.

Questions of law are reviewed de novo, while factual findings are accorded deference unless those findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. Apr. 22, 2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

---

[1] The petitioner is represented by counsel Reginald D. Henry, and the respondent is represented by counsel Steven K. Wellman and James W. Heslep.

[2] The Intermediate Court of Appeals, not the Workers' Compensation Board of Review, reviewed the Office of Judges' decision in this case because the Office of Judges' order was entered during the transfer to the reconstituted Board of Review. *See* W. Va. Code § 23-5-8a(a) (transferring powers and duties of Office of Judges to Board of Review).

1

**ISSUED: June 12, 2024**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison
Justice William R. Wooton

Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.

Wooton, Justice, dissenting:

I respectfully dissent from the Court's summary affirmance of *Keaton v. Beckley Garbage Disposal*, No. 12-ICA-32, 2022 WL 17169081 (W. Va. Ct. App. Nov. 18, 2022) (memorandum decision), which in turn affirmed orders of the West Virginia Workers' Compensation Office of Judges closing George E. Keaton's ("Mr. Keaton") claim for temporary total disability benefits and denying the addition of right shoulder pain, right shoulder bursitis, right shoulder impingement, and right shoulder arthropathy as compensable conditions in the claim.

Mr. Keaton suffered a work-related injury, specifically, a fracture of the right clavicle, while pushing a dumpster. It is undisputed that he had preexisting degenerative joint disease in the shoulder which caused him pain; however, it is also undisputed that this preexisting condition did not require treatment and was not in any way disabling. Given these facts, I believe that Mr. Keaton should be afforded a *Moore*[1] hearing to determine whether some or all of the conditions sought to be included in the claim were "discrete new injuries" pursuant to syllabus point three of *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016):

> A noncompensable preexisting injury may not be added as a
> compensable component of a claim for workers' compensation
> medical benefits merely because it may have been aggravated by a
> compensable injury. To the extent that the aggravation of a

---

[1] *Moore v. ICG Tygart Valley*, LLC, 247 W. Va. 292, 879 S.E.2d 779 (2022).

> noncompensable preexisting injury results in a discreet [sic] new injury, that new injury may be found compensable.

I cannot accept the underlying assumption in the opinion of the Intermediate Court of Appeals, affirmed by this Court, that Mr. Keaton's preexisting degenerative joint disease coincidentally became symptomatic – indeed, disabling – at the time of his work-related injury. In cases such as this, *Gill* requires a full and fair evaluation of causation; and *Moore* provides a mechanism for conducting that evaluation. Because the effect of the Court's decision is to deny such an evaluation, I respectfully dissent.